NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ASHLEY S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.S., *Appellees*.

No. 1 CA-JV 22-0117
FILED 10-18-2022

Appeal from the Superior Court in Maricopa County
No. JD23453
The Honorable Lori Bustamante, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer Blum
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1   Ashley S. appeals the superior court's order terminating her parent-child relationship with her biological child, A.S., under three grounds: prolonged substance abuse, 15-months' out-of-home placement, and prior termination. Because reasonable evidence supports the superior court's findings, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2   This court views the evidence, and reasonable inferences drawn from it, in the light most favorable to sustaining the superior court's decision. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

¶3   Mother has four biological children. Her fourth child was born the summer of 2022. The superior court terminated mother's parental rights to her first two children on substance-abuse grounds. The second termination occurred in November 2020, the same month mother's third child, A.S., was born. A.S. was born substance-exposed to amphetamines and fentanyl and the superior court authorized A.S.'s temporary out-of-home placement two days after her birth.

¶4   Days later, the Department of Child Safety (DCS) filed a dependency petition, alleging mother could not effectively care for A.S. because of mother's long history of substance abuse and inability to create a "stable or safe living environment." The superior court found A.S. dependent as to mother, and established a family reunification case plan, when mother failed to appear at a January 2021 pretrial conference.

¶5   DCS provided mother with reunification services throughout A.S.'s dependency. For most of the dependency, mother sporadically engaged in those services. She more consistently engaged in the months leading up to the termination adjudication. Even after A.S. was born and after mother was aware of her fourth pregnancy, mother tested positive for

methamphetamines, alcohol, and opiates, though she more recently began testing negative.

**¶6** In January 2022, given a lack of progress, the superior court changed the case plan to severance and adoption. In April 2022, after a March 2022 adjudication on DCS's motion to terminate, the superior court terminated mother's rights based on prolonged substance abuse, 15-months' out-of-home placement, and prior termination, also finding termination was in the best interests of the child. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235, 12-120.21.A.1, and 12-2101.A.1.

## DISCUSSION

**¶7** A superior court may terminate a parent's rights if clear and convincing evidence establishes at least one statutory ground and if a preponderance of the evidence shows termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights if reasonable evidence supports the order. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 86, 93, ¶ 18 (App. 2009) (citations omitted).

**¶8** Mother—without reference to any specific termination ground—challenges the superior court's termination of her parental rights, arguing DCS failed to make "diligent efforts" to reunify her with A.S. Specifically, mother argues DCS failed to offer recommended counseling and necessary parenting classes.

**¶9** The State argues mother waived her diligent efforts challenge by not objecting in the superior court. But during A.S.'s termination hearing, mother raised the diligent efforts issue by "testifying about the services actually provided." *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 14 (App. 2014). As such, we address the merits.

**¶10** DCS argues it reasonably and diligently attempted to reunify mother and A.S. DCS presumptively must make reasonable efforts to provide services to parents and their children. *See id.* at 177, ¶ 12; *see also* A.R.S. § 8-846.A. But DCS need neither "provide every conceivable service" nor ensure parents participate in offered services. *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994).

¶11      The superior court found DCS made reasonable and diligent efforts to reunify the family, including parent-aide services, visitations, drug testing, substance-abuse assessment and treatment, case management, transportation, psychological evaluation, and team decision making meetings. Mother also admitted—and the records supports—the superior court's findings for drug testing, substance-abuse assessment, and treatment. The record also supports the superior court's other findings regarding services.

¶12      Mother specifically argues DCS did not offer recommended counseling and necessary parenting classes. Mother relies on the testimony of a case manager who worked on mother's case for a few months leading up to the termination hearing. That case manager started on mother's case in December 2021 and admitted to not providing "new" services from then until the termination hearing in March 2022. But DCS is neither "required to provide every conceivable service" nor ensure parents participate in offered services. *See JS-501904*, 180 Ariz. at 353. Because DCS had provided those services earlier and mother's participation was sporadic, reasonable evidence supports the superior court's findings regarding the services DCS provided and its ultimate decision to terminate mother's rights. *See JS-501904*, 180 Ariz. at 353.

¶13      Last, mother argues services were not futile. Because the superior court did not base its decision on a futility finding, this court need not address it. Because mother does not challenge the court's best interests determination, we assume she concedes the finding as accurate. *See Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960).

**CONCLUSION**

¶14      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA